22 F.3d 1104
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert H. LOWE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3318.
 United States Court of Appeals, Federal Circuit.
 March 16, 1994.
 
 Before MAYER, MICHEL, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert H. Lowe appeals the March 12, 1993, decision of the Merit Systems Protection Board, No. AT1221930236-W-1, which became final on April 16, 1993, in which the board held it did not have jurisdiction over Lowe's appeal because he failed to show that an adverse personnel action occurred in retaliation for a disclosure protected by the Whistleblower Protection Act. We affirm.
 
 
 2
 The board correctly stated that it had no jurisdiction to review the agency action challenged by Lowe--failure to be promoted--unless Lowe showed that the adverse action was taken in retaliation for whistleblowing as defined at 5 U.S.C. Sec. 2302(b)(8). The board then considered the only incident of whistleblowing it discerned Lowe had alleged--that he reported an incident of racial discrimination which occurred while he was working for the agency in 1987. Lowe, however, failed to establish that his report was more than "an individual's complaint about the discriminatory behavior of a particular supervisor." Spruill v. Merit Sys. Protection Bd., 978 F.2d 679, 692 (Fed.Cir.1992). The board correctly concluded that this disclosure was not a protected whistleblowing activity.
 
 
 3
 Lowe asserts on appeal that the correct facts were not considered, that the board addressed the "wrong case," that he did not seek to appeal the denial of a promotion, and that the case "should be about whistleblowing." The board's decision was wholly devoted to the issue of whistleblowing, and Lowe offers neither an explanation for his claim that the wrong case and facts were considered nor informs the court of any other alleged protected whistleblowing activity or adverse personnel action. Therefore, the board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law. See 5 U.S.C. Sec. 7703(c) (1988).